**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Davoris Smiley, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2013-002269

_____

**ON WRIT OF CERTIORARI**

_____

Appeal From Laurens County
The Honorable Eugene C. Griffith, Jr., Circuit Court Judge

_____

Memorandum Opinion No. 2015-MO-043
Submitted May 15, 2015 – Filed July 22, 2015

_____

**AFFIRMED**

_____

Assistant Attorney General James Rutledge Johnson, of Columbia, for Petitioner.

Joshua Shaheen Nasrollahi, of Greenwood, for Respondent.

_____

**PER CURIAM:**  We granted the State's petition for a writ of certiorari to review the circuit court's grant of Davoris Smiley's application for post-conviction relief (PCR).  Smiley was convicted of armed robbery, possession of a weapon during the commission of a violent crime, and criminal conspiracy.  The PCR judge granted his application on the following grounds of ineffective assistance of his trial counsel for failure to:  (1) object to the introduction of Smiley's clothing at trial as fruit of the poisonous tree; (2) object to the introduction of pictures from Smiley's cellphone; (3) investigate his co-defendant Lakashian Robinson; (4) investigate Diana Melendez before calling her as a witness; and (5) meet with Smiley in order to investigate and prepare for the trial.

In the petition before this Court, the State failed to appeal the fifth ground on which the PCR judge granted the application.  As such, that ground becomes the law of the case.  *See Atl. Coast Builders & Contractors, L.L.C. v. Lewis*, 398 S.C. 323, 328, 730 S.E.2d 282, 285 (2012) (applying the two issue rule where master entered judgment for Respondent on causes of action for negligent misrepresentation, breach of contract and unjust enrichment and Petitioner failed to appeal the master's finding of liability for unjust enrichment); *Jones v. Lott*, 387 S.C. 339, 346, 692 S.E.2d 900, 903 (2010) (stating "[u]nder the two issue rule, where a trial court's decision is based on more than one ground, the appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case").

Even if we were to reverse on all grounds presented to this Court, the unappealed ground sustains the PCR judge's decision and precludes reversal.

Accordingly, the decision of the PCR judge is affirmed.

**AFFIRMED.**

**TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.
HEARN, J., not participating.**